## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

EURO RESTAURANT SOLUTIONS, INC.,

     Plaintiff,

     v.

                           Civil Action No. TDC-24-1451

ANTHONY PILLA,

     Defendant.

### MEMORANDUM OPINION

On September 28, 2023, Plaintiff Euro Restaurant Solutions, Inc. ("ERS") filed a civil action in the Circuit Court for Prince George's County, Maryland ("the state court") against Defendants Anthony Pilla and John Conklin, in which it alleged various state law claims arising out of their employment and separation from ERS. Almost eight months later, on May 17, 2024, Pilla removed the case to federal court. ERS has now filed a Motion to Remand, which is fully briefed. Having reviewed the submitted materials, the Court finds that no hearing is necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, the Motion to Remand will be GRANTED IN PART and DENIED IN PART.

### BACKGROUND

In his Notice of Removal, Pilla states that upon being served with the original Complaint, he did not remove the case to federal court because Conklin, his co-defendant, did not consent to removal. The Complaint was served upon Pilla on February 19, 2024. On April 19, 2024, Pilla filed a Motion to Dismiss in the state court. On April 26, 2024, ERS filed a Notice of Dismissal

as to Conklin, and on May 3, 2024, ERS filed an Amended Complaint in which Pilla is named as the sole defendant. On May 17, 2024, Pilla removed the case to this Court.

## DISCUSSION

In the Motion, ERS argues that remand is warranted as the removal was untimely because it did not occur within 30 days of service of the original Complaint, *see* 28 U.S.C. § 1446(b)(1) (2018), and that it should receive an award of attorney's fees and costs associated with the removal and remand of this case, *see* 28 U.S.C. § 1447(c). In opposing the Motion, Pilla contends that where Conklin did not consent to removal, the case did not become removable until ERS dismissed the claims against Conklin, at which time Pilla properly removed the case because it did so within 30 days of when it could "first be ascertained" that the case was removable. 28 U.S.C. § 1446(b)(3).

## I.    Legal Standard

Generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States." 28 U.S.C. § 1441(a). Such a case includes one for which there is diversity jurisdiction, which requires that "the matter in controversy exceeds the sum or value of $75,000" and is between "citizens of different States." *Id.* § 1332(a)(1).

By statute, Congress has imposed additional requirements for a proper removal. For a case that is removable solely based on § 1441(a), if there are multiple defendants, "all defendants who have been properly joined and served must join in or consent to the removal of the action." *Id.* § 1446(b)(2)(A).

As to timing, a notice of removal must be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." *Id.* § 1446(b)(1). "[I]f

2

the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3).

"[O]nly where an initial pleading reveals a ground for removal will the defendant be bound to file a notice of removal within 30 days." *Lovern v. Gen. Motors Corp.*, 121 F.3d 160, 162 (4th Cir. 1997). Courts "rely on the face of the initial pleading and on the documents exchanged in the case by the parties to determine when the defendant had notice of the grounds for removal, requiring that those grounds be apparent within the four corners of the initial pleading or subsequent paper." *Id.* Removal authority must be strictly construed, and "[i]f federal jurisdiction is doubtful, a remand is necessary." *Mulcahey v. Columbia Organic Chems. Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994).

## II.    Timeliness of Removal

In seeking remand, ERS argues that the removal was untimely because Pilla did not remove the case, which was removable based on diversity jurisdiction, within 30 days of service of the initial Complaint but instead filed the Notice of Removal on May 17, 2024, almost three months after the date of service. *See* Aff. of Service, ECF No. 1-17. In opposing the Motion, Pilla argues that the removal was timely pursuant to 28 U.S.C. § 1446(b)(3) because "the initial pleading [was] not removable," and he filed the notice of removal 30 days after receipt of "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3). Pilla does not dispute that based on the face of the initial Complaint, the case was removable based on diversity jurisdiction, as it alleged that ERS is a citizen of Maryland, that Pilla is a citizen of Ohio, that Conklin is a citizen of North

Carolina, and that the amount in controversy was over $75,000. Rather, Pilla argues that the initial Complaint was not removable due to Conklin's lack of consent to removal, and that the case became removable only after ERS filed the Amended Complaint dismissing Conklin as a defendant on May 3, 2024, such that the removal on May 17, 2024 occurred within 30 days after the receipt of that pleading and was therefore timely.

The United States Court of Appeals for the Fourth Circuit has not specifically addressed whether one defendant's lack of consent to removal renders the case "not removable" by another defendant for purposes of 28 U.S.C. § 1446(b)(3). However, the United States Court of Appeals for the Ninth Circuit, in addressing a case in which the defendant had refrained from removal within the 30-day time period because it did not believe that it could secure the consent of all defendants, essentially agreed that a lack of consent does not render a case not removable within the first 30 days when it stated that "[i]f the defendant can't convince his co-defendants to remove, he's stuck in state court, and later disclosure that the case is also removable on another ground under section 1441 doesn't help bring him into federal court." *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1251, 1253 (9th Cir. 2006) (ultimately concluding that the case was nevertheless timely removed because it involved a federal officer and was thus removed pursuant to under 28 U.S.C. § 1442, rather than § 1441).

More specifically, a judge in this District has held that a case that is otherwise removable at the outset, in that instance based on federal question jurisdiction, does not qualify "as non-removable based on a defendant's lack of consent to removal" for purposes of the 30-day deadline for removal, in part because "[p]rocedural requirements," such as "consent among parties" to removal, "do not determine whether a basis for federal jurisdiction exists in the first instance." *Pittman v. Quest Diagnostics, Inc.*, No. ELH-15-3093, 2016 WL 540673, at *7 (D. Md. Feb. 11,

2016). Thus, although two of the three defendants did not consent to removal, the court held that "federal jurisdiction could be 'ascertained' when the Complaint was filed and served," and the refusal of two defendants "to consent to removal does not mean the case was not inherently removable." *Id.* at \*5 (quoting 28 U.S.C. § 1446(b)(3)). The court distinguished "a case that . . . lacks diversity jurisdiction until non-diverse parties are dismissed from the suit," which is not removable at the outset, from "a case which, at the outset, . . . is inherently removable" but is not removed due to a defendant's lack of consent to removal. *Id.* at \*7. By contrast, at least one federal district court has held that a stipulation of dismissal of a non-consenting defendant to removal constituted an "other paper" under § 1446(b)(3) sufficient to restart the 30-day removal period. *Parker v. Cnty. of Oxford*, 224 F. Supp. 2d 292, 295 (D. Me. 2002). In *Parker*, the court reasoned that "[a] nonconsenting defendant creates a barrier to removability just as does a nondiverse defendant," such that "for purposes of determining when a case becomes removable, the Court sees no reason to distinguish between them." *Id.* at n.6.

This Court agrees with *Durham* and *Pittman* that the lack of consent to a removal by a defendant does not render a case "not removable" under 28 U.S.C. § 1446(b)(3) for purposes of the 30-day deadline to remove a case pursuant to § 1441(a). The Court focuses on the language of the statute, which provides that removal need not occur within the first 30 days "if the case stated by *the initial pleading* is not removable," *id.* § 1446(b)(3) (emphasis added). The Court also considers the Fourth Circuit's broad holding in *Lovern* that "only where an initial pleading reveals a ground for removal" must a defendant remove within 30 days, and that the grounds for removal must "be apparent within the four corners of the initial pleading or subsequent paper." *Lovern*, 121 F.3d at 161-63 (holding that where the plaintiff's citizenship was not included in the initial pleading, it did not reveal grounds for removal such that the 30-day removal period began only

5

when the defendant received an interrogatory revealing that there was complete diversity between the parties). In light of this clear guidance that whether grounds for removal exist is based on the contents of the initial pleading, the Court finds that a lack of consent to removal by a defendant does not render a case "not removable" under 28 U.S.C. § 1446(b)(3) because that lack of consent necessarily does not appear on the face of a complaint. A contrary conclusion, such as that reached in *Parker*, 224 F. Supp. at 295-96 & n.6, would conflict with the Fourth Circuit's instruction to ascertain removability based on the "four corners of the initial pleading," *Lovern*, 121 F.3d at 162. Further, Pilla's interpretation would notably expand the right of removal by potentially allowing a case initially removable based on original jurisdiction to be timely removed from state court months after the case had been filed, perhaps even on the eve of trial, based on a pre-trial dismissal of or settlement with a single, non-consenting defendant. Such an outcome would run contrary to the need to strictly construe removal jurisdiction, and to remand if federal jurisdiction is doubtful. *See Mulcahey*, 29 F.3d at 151. Thus, where Pilla does not dispute that the initial Complaint was removable based on diversity jurisdiction, and that such jurisdiction was "apparent within the four corners of the initial pleading," *Lovern*, 121 F.3d at 162, the removal was untimely. *See Durham*, 445 F.3d at 1253; *Pittman*, 2016 WL 540673, at *7.

Though Pilla briefly argues that the "revival exception" restarts the 30-day removal period, this Court has concluded in a recent case that such an exception "has never been adopted or applied by the [Fourth Circuit]," is only rarely applied, and is potentially applicable only when an amended complaint changes the case so drastically that it "constitute[s] 'substantially a new suit begun that day,'" or seeks "to mislead Defendants by holding back 'the true and weighty federal grounds' until after the deadline for removal had expired." *Young v. Lopez-Humes*, No. TDC-24-0452, 2024 WL 1641033, at *4-5 (D. Md. Apr. 16, 2024) (citing *Wilson v. Intercollegiate (Big Ten) Conf.*

6

*Athletic Ass'n*, 660 F.2d 962, 965-66 (7th Cir. 1982)) (concluding that the "revival exception" argument was objectively unreasonable and granting attorney's fees to the plaintiff). Neither basis is present here, as ERS added no new claims in the Amended Complaint and the underlying factual allegations remained substantially the same. Therefore, the revival exception does not restart the 30-day removal period in this case.

Where the case will be remanded on the basis that its removal was untimely, the Court need not and will not address ERS's alternative arguments in support of remand.

**III. Attorney's Fees and Costs**

ERS further argues that it is entitled to a statutory award of attorney's fees and costs because the removal lacked an objectively reasonable basis. Although the Court may award attorney's fees and costs when there was no objectively reasonable basis for removal, it retains discretion on whether to do so in such a case. 28 U.S.C. § 1447(c); *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). A court may also consider whether the defendants "attempted to remove th[e] action in order to delay and interrupt" the case. *See Common Cause v. Lewis*, 956 F.3d 246, 257 (4th Cir. 2020). Here, where no controlling precedent forecloses Pilla's argument regarding the timeliness of the removal, and Pilla has identified case law in support of his position, *see Parker*, 224 F. Supp. at 295, the Court will not find that the removal was objectively unreasonable. ERS does not argue that the late-filed Notice of Removal was intended to delay or interrupt the case. Accordingly, the Court will not award attorney's fees and costs under § 1447(c).

7

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that ERS's Motion to Remand will be GRANTED IN PART and DENIED IN PART. The Motion will be granted in that the case will be remanded based on an untimely removal. The Motion will be denied in that the Court will not award attorney's fees and costs pursuant to 28 U.S.C. § 1447(c). A separate Order shall issue.

Date: July 23, 2024

THEODORE D. CHUANG
United States District Judge

8